WARNER, Judge.
The appellant challenges an order of the trial court denying her entitlement to attorney’s fees. The appellees concede that based upon our award of fees in the appeal of the underlying action, see State Comprehensive Health Ass’n v. Carmichael, 706 So.2d 319 (Fla. 4th DCA 1997), we have already decided this issue contrary to the trial court. We therefore reverse as to the entitlement issue.
Despite its ruling that the appellant was not entitled to fees, after hearing all of the testimony regarding the amount, the trial court set the amount of fees in its order for the benefit of the parties, should this court decide that appellant was entitled to fees. Appellant also challenges the amount of fees, claiming that the court abused its discretion in failing to assess a multiplier due to the existence of a contingency fee contract between herself and her attorney. The existence of a contingency fee agreement does not mandate the application of a multiplier. See National Foundation Life Ins. Co. v. Wellington, 526 So.2d 766, 767 (Fla. 3d DCA 1988). In Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828, 831 (Fla.1990), the court explained that while the trial court “must consider” the application of a multiplier where the prevailing party’s counsel is employed on a contingency basis, that does not mean that the trial court “must apply” a multiplier. The trial court did not abuse its discretion by failing to apply a multiplier in *175 this case. On remand, the trial court is directed to enter judgment for appellant’s attorney in accordance with the alternative findings of its order.
We affirm as to the remaining issues, finding they have no merit.
STONE, C.J., and GROSS, J., concur.